UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| WILLIAM CLARENCE TAYLOR | ) | |
| CRYSTAL ANN TAYLOR | ) | CASE NO. 08-31668-rfh |
| | ) | |
|     Debtors | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| | ) | |
| | ) | |
| VNS CORPORATION, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 09-03008 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM CLARENCE TAYLOR | ) | |
| | ) | |
|     Defendant | ) | |
| _____ | ) | |

**JOINT MOTION FOR STAY OF PROCEEDING, PARTIAL JUDGMENT, AND
DISMISSAL OF ONE BUT NOT ALL CLAIMS**

Plaintiff VNS Corporation ("VNS") and Defendant William Clarence Taylor ("Debtor") hereby move this Court to stay the above-styled adversary proceeding pending the outcome of certain state court litigation in which VNS is a party. In support thereof, VNS and Debtor show the Court as follows:

1.    Debtor filed his Petition for Relief on December 29, 2008.

2.    VNS commenced this Adversary Proceeding on April 15, 2009 by filing a Complaint to Determine Amount and to Deny Dischargeability of Debt (the "Complaint").

3. Debtor, through his company William Taylor Custom Homes, Inc. ("WTCH"), was a builder that constructed residential homes. VNS was a lumber supplier that supplied product to WTCH. Debtor personally guaranteed the debts of WTCH to VNS.

4. VNS filed this adversary proceeding as plaintiff on April 15, 2009, seeking to deny the dischargeability of the aggregate asserted debt of the debtor William Clarence Taylor ("Mr. Taylor") to VNS, arising from open accounts of Mr. Taylor's corporation to VNS for materials used on five different properties (individually, a "Property"; collectively, the "Five Properties"), as follows:

| | | | |
|---|---|---|---|
| a. | Michele A. Browne | Lot 99, Sugar Run Subd., Section 3 Reynolds Plantation, Greene County | $7,060.60 |
| b. | HLD Holdings, L.P. | Lots 15 and 16, Lake Pointe Subd. Section I Reynolds Plantation, Greene County | $108,062.05 |
| c. | Scott Parker, as Trustee of Carol Parker Living Trust | Lot 54, Sandy Ford Subd. Section I Reynolds Plantation, Greene County | $102,446.95 |
| d. | Semersky Development, LLC | Lot 47, Plantation Point Subd., Phase 2 Reynolds Plantation, Greene County | $8,578.69 |
| e. | Samuel F. Wishon & Amy L. Wishon | Lot 26, Great Waters (f/k/a Reynolds Lndg) Subd., Reynolds Plantation, Putnam County | $163,077.05. |

5. O.C.G.A. § 44-14-361 et seq. provide for the creation, attachment, and dissolution of liens to secure payment of the amounts set forth above, each of which liens attaches to the Property into which VNS sent its materials. VNS has sued or threatened suit against each property owner listed above to confirm the validity of its lien.

6. However, O.C.G.A. § 44-361.2 provides that such liens may be dissolved through the unilateral act of the primary debtor, in this case Mr. Taylor's corporation, by executing an affidavit that meets the particular requirements of the statute. Some property owners have

responded that Mr. Taylor executed one or more affidavits that dissolve VNS's liens on their property.

7.  VNS's complaint alleges in essence that, if Mr. Taylor executed any affidavit that causes VNS's lien to be removed from any of the Five Properties, then Mr. Taylor should be held liable to a nondischargeable debt for that amount under 11 U.S.C. § 523(a)(6), as a "willful and malicious injury by the debtor . . . to the property of another entity," the "property" being VNS's O.C.G.A. § 44-14-361 lien.

8.  Since VNS filed the complaint the parties have ascertained some facts, as follows. Mr. Taylor did execute an affidavit that meets the requirements of O.C.G.A. § 44-361.2 (a "qualifying affidavit") on the Browne property. Mr. Taylor is ready to concede a nondischargeable judgment concerning that property. Mr. Taylor did not execute a qualifying affidavit on the Semersky Development, LLC property. VNS is ready to dismiss any prayer for judgment concerning that property.

9.  The fate of VNS's three remaining liens remains unclear. In each case, Mr. Taylor apparently signed one or more documents that the property owner contends to constitute a qualifying affidavit. VNS disagrees, and in each case asserts that its lien remains valid because no document constitutes a qualifying affidavit.

10. VNS and Mr. Taylor seek to stay this proceeding pending the resolution of those three cases: if and where VNS prevails, i.e., retains its lien against the property, then VNS will drop its allegation of a nondischargeable debt against Mr. Taylor. If and where VNS's lien is removed through the state court action, VNS will continue its allegation of nondischargeability, and to whatever extent relevant, Mr. Taylor will be bound by the state court's ruling as to

whether or not the documents he allegedly signed caused VNS's liens to be dissolved by application of O.C.G.A. § 44-14-361.2.

## Basis for Relief

11. F.R.Civ.P. 16, incorporated by F.R.B.P. 7016, contemplates and permits the relief that the parties now request.

12. In addition, 11 U.S.C. § 105 allows the Court to enter any necessary or appropriate order and provides, in part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

13. Staying this adversary proceeding will facilitate judicial economy by allowing certain issues to be litigated in the state court litigation that will reduce and perhaps eliminate the issues that need to be litigated in this case.

WHEREFORE, VNS and Debtor respectfully request that the Court enter the attached proposed order and grant such further relief as is just.

Dated: May 26, 2009
      Atlanta, GA

                        LAMBERTH, CIFELLI, STOKES
                         ELLIS & NASON, P.A.
                        Counsel for William Clarence Taylor

                        By: */s/ G. Frank Nason, IV*
                          G. Frank Nason, IV
                          Georgia Bar No. 535160

3343 Peachtree Road, NE. Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373

        /s/Bill Rothschild
        William L. Rothschild
        Georgia Bar No. 616150

Ellenberg, Ogier, Rothschild and Rosenfeld, P.C.
170 Mitchell Street, S.W.
Atlanta, GA 30303-3424
404 525 4000
br@eorlaw.com

Attorneys for VNS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In re | ) | CHAPTER 7 |
| | ) | |
| WILLIAM CLARENCE TAYLOR and | ) | |
| CRYSTAL ANN TAYLOR | ) | Case no. 08-31668-rfh |
| | ) | |
| Debtors. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| VNS CORPORATION, | ) | |
| | ) | Adv. Pro. No. 09-3008 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM CLARENCE TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**CONSENT ORDER GRANTING PARTIAL JUDGMENT AND STAYING PROCEEDING**

On May 26, 2009, at docket no. 12, the plaintiff and defendant filed a joint motion requesting a stay of proceedings and other relief. This order grants that motion as follows.

VNS CORPORATION ("VNS") filed this adversary proceeding as plaintiff on April 15, 2009, seeking to deny the dischargeability of the aggregate asserted debt of the debtor William Clarence Taylor ("Mr. Taylor") to VNS, arising from open accounts of Mr. Taylor's corporation to VNS for materials used on five different properties (individually, a "Property"; collectively, the "Five Properties"), as follows:

| | | | |
|---|---|---|---|
| a. | Michele A. Browne | Lot 99, Sugar Run Subd., Section 3<br>Reynolds Plantation, Greene County | $7,060.60 |
| b. | HLD Holdings, L.P. | Lots 15 and 16, Lake Pointe Subd. Section I<br>Reynolds Plantation, Greene County | $108,062.05 |
| c. | Scott Parker, as Trustee of<br>Carol Parker Living Trust | Lot 54, Sandy Ford Subd. Section I<br>Reynolds Plantation, Greene County | $102,446.95 |
| d. | Semersky Development, LLC | Lot 47, Plantation Point Subd., Phase 2<br>Reynolds Plantation, Greene County | $8,578.69 |
| e. | Samuel F. Wishon &<br>Amy L. Wishon | Lot 26, Great Waters (f/k/a Reynolds Lndg)<br>Subd., Reynolds Plantation, Putnam County | $163,077.05. |

O.C.G.A. § 44-14-361 et seq. provide for the creation, attachment, and dissolution of liens to secure payment of the amounts set forth above, each of which liens attaches to the Property into which VNS sent its materials. VNS has sued or threatened suit against each property owner listed above to confirm the validity of its lien.

However, O.C.G.A. § 44-361.2 provides that such liens may be dissolved through the unilateral act of the primary debtor, in this case Mr. Taylor's corporation, by executing an affidavit that meets the particular requirements of the statute. Some property owners have responded that Mr. Taylor executed one or more affidavits that dissolve VNS's liens on their property.

VNS's complaint alleges in essence that, if Mr. Taylor executed any affidavit that causes VNS's lien to be removed from any of the Five Properties, then Mr. Taylor should be held liable to a nondischargeable debt for that amount under 11 U.S.C. § 523(a)(6), as a "willful and malicious injury by the debtor . . . to the property of another entity," the "property" being VNS's O.C.G.A. § 44-14-361 lien.

Since VNS filed the complaint the parties have ascertained some facts, as follows. Mr. Taylor did execute an affidavit that meets the requirements of O.C.G.A. § 44-361.2 (a "qualifying affidavit") on the Browne property. Mr. Taylor is ready to concede a nondischargeable judgment concerning that property. Mr. Taylor did not execute a qualifying affidavit on the Semersky Development, LLC property. VNS is ready to dismiss any prayer for judgment concerning that property.

The fate of VNS's three remaining liens remains unclear. In each case, Mr. Taylor apparently signed one or more documents that the property owner contends to constitute a qualifying affidavit. VNS disagrees, and in each case asserts that its lien remains valid because no document constitutes a qualifying affidavit. VNS and Mr. Taylor seek to stay this proceeding pending the resolution of those three cases: if and where VNS prevails, i.e., retains its lien against the property, then VNS will drop its allegation of a nondischargeable debt against Mr. Taylor. If and where VNS's lien is removed through the state court action, VNS will continue its allegation of nondischargeability, and to whatever extent relevant, Mr. Taylor will be bound by collateral estoppel from that action.

This order memorializes the parties' consent and sets forth a process for staying and then completing this adversary proceeding. Accordingly, for good cause shown, and upon the parties' consent as evidenced by their counsel's signatures below, it is hereby

ORDERED that VNS shall have a judgment against Mr. Taylor in the amount of $7,060.60, arising from the loss of VNS's lien on the Browne property; and it is further

ORDERED that VNS's claim for a nondischargeable judgment against Mr. Taylor arising from any materials furnished to the Semersky Development, LLC property is hereby dismissed with prejudice; and it is further

ORDERED that this adversary proceeding is hereby stayed concerning all remaining claims, pending further order of this court; and it is further

ORDERED that VNS shall report to the court every six months as to the status of nonbankruptcy litigation concerning the other three properties, and shall promptly move to remove the stay of this proceeding when litigation on the other three properties is concluded; and it is further

ORDERED that nothing above limits the right of VNS or Mr. Taylor to move this court to remove the stay of this proceeding at any time, for any reason, or the right of the other party to oppose that motion; and it is further

ORDERED that Mr. Taylor shall serve an answer or other appropriate response to the complaint under F.R.B.P. 7012 within 20 days after the entry of the order removing the stay imposed above; and it is further

ORDERED that, if and to the extent that an act of Mr. Taylor is held in a nonbankruptcy litigation on any of the three remaining properties is held to have removed VNS's O.C.G.A. § 44-14-361 lien, Mr. Taylor shall be, and hereby is, collaterally estopped from relitigating whether or not the documents he allegedly signed caused VNS's liens to be dissolved by application of O.C.G.A. § 44-14-361.2.

**End of Document**

I prepared this order

/s/Bill Rothschild
William L. Rothschild
Georgia Bar No. 616150
Ellenberg, Ogier, Rothschild and Rosenfeld, P.C.
170 Mitchell Street, S.W.
Atlanta, GA 30303-3424
404 525 4000
br@eorlaw.com

Attorneys for VNS

I consent:

                                               LAMBERTH, CIFELLI, STOKES
                                                ELLIS & NASON, P.A.
                                               Counsel for William Clarence Taylor

                                              By: */s/ G. Frank Nason, IV*
                                                      G. Frank Nason, IV
                                               Georgia Bar No. 535160

3343 Peachtree Road, NE. Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373